UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**JURY TRIAL DEMANDED**

CASE NO:

J.B. and B.B.,

    Plaintiffs,

v.

HILTON WORLDWIDE HOLDINGS, INC.,
HILTON WORLDWIDE INTERNATIONAL HOLDING 1 LLC,
HILTON WORLDWIDE PARENT, LLC,
HILTON WORLDWIDE, INC.,
PARK HOTELS & RESORTS, INC.,
HILTON INTERNATIONAL CO.,
HILTON INTERNATIONAL FRANCHISE HOLDING, LLC.,
HILTON INTERNATIONAL FRANCHISOR, LLC,
HILTON INTERNATIONAL GROUP HOLDINGS LIMITED,
HILTON INTERNATIONAL HOLDING, LLC,
HILTON INTERNATIONAL HOLDING USA CORPORATION,
HILTON INTERNATIONAL HOLDINGS, LLC,
HILTON INTERNATIONAL, LLC,
HILTON INTERNATIONAL FRANCHISE, LLC,
HILTON INTERNATIONAL MANAGE (AMERICAS) LLC,
HILTON INTERNATIONAL MANAGE, LLC,
HILTON INTERNATIONAL MANAGEMENT (AMERICAS) CORPORATION
and HILTON INTERNATIONAL MANAGEMENT, LLC,

all *d/b/a* Curio Collection by Hilton,

    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiffs J.B. and B.B. sue the defendants HILTON WORLDWIDE HOLDINGS, INC., HILTON WORLDWIDE INTERNATIONAL HOLDING 1 LLC, HILTON WORLDWIDE PARENT, LLC, HILTON WORLDWIDE, INC., PARK HOTELS & RESORTS, INC., HILTON INTERNATIONAL CO., HILTON INTERNATIONAL FRANCHISE HOLDING,

LLC., HILTON INTERNATIONAL FRANCHISOR, LLC, HILTON INTERNATIONAL GROUP HOLDINGS LIMITED, HILTON INTERNATIONAL HOLDING, LLC, HILTON INTERNATIONAL HOLDING USA CORPORATION, HILTON INTERNATIONAL HOLDINGS, LLC, HILTON INTERNATIONAL, LLC, HILTON INTERNATIONAL FRANCHISE, LLC, HILTON INTERNATIONAL MANAGE (AMERICAS) LLC, HILTON INTERNATIONAL MANAGE, LLC, HILTON INTERNATIONAL MANAGEMENT (AMERICAS) CORPORATION and HILTON INTERNATIONAL MANAGEMENT, LLC, and allege:

### General Allegations Common To All Counts

1. This is an action for damages in excess of the sum of Seventy-Five Thousand Dollars ($75,000) and jurisdiction of this cause is further founded upon diversity of citizenship (28 U.S.C. §1332)

2. The Plaintiffs, at all relevant times, respectively, are wife and husband and are citizens of the United States and the State of Florida who are domiciled in Palm Beach County, Florida. Their names are being initialized throughout this Complaint to protect their privacy due to the sensitive nature of the incident giving rise to this complaint (as alleged in Paragraph 14, *infra)*.

3. Defendants HILTON WORLDWIDE HOLDINGS, INC., HILTON WORLDWIDE INTERNATIONAL HOLDING 1 LLC, HILTON WORLDWIDE PARENT, LLC, HILTON WORLDWIDE, INC., PARK HOTELS & RESORTS, INC., HILTON INTERNATIONAL CO., HILTON INTERNATIONAL FRANCHISE HOLDING, LLC., HILTON INTERNATIONAL FRANCHISOR, LLC, HILTON INTERNATIONAL GROUP HOLDINGS LIMITED, HILTON INTERNATIONAL HOLDING, LLC, HILTON INTERNATIONAL HOLDING USA

2

CORPORATION, HILTON INTERNATIONAL HOLDINGS, LLC, HILTON INTERNATIONAL, LLC, HILTON INTERNATIONAL FRANCHISE, LLC, HILTON INTERNATIONAL MANAGE (AMERICAS) LLC, HILTON INTERNATIONAL MANAGE, LLC, HILTON INTERNATIONAL MANAGEMENT (AMERICAS) CORPORATION and HILTON INTERNATIONAL MANAGEMENT, LLC, at all relevant times, are Delaware corporations or Delaware limited liability companies that maintain their principal place of business at 7930 Jones Branch Drive, McLean, Virginia, USA.

4. Defendant HILTON WORLDWIDE, INC., upon information and belief, is now known as PARK HOTELS & RESORTS, INC., due to a corporate name change that occurred after the incident complained of in this lawsuit.

5. Defendants HILTON WORLDWIDE, INC. and PARK HOTELS & RESORTS, INC, at all relevant times and upon information and belief, are registered to do business in the State of Florida and have appointed an agent for the service of process in this state.

6. Defendants, HILTON WORLDWIDE HOLDINGS, INC., HILTON WORLDWIDE INTERNATIONAL HOLDING 1 LLC, HILTON WORLDWIDE PARENT, LLC, HILTON WORLDWIDE, INC., PARK HOTELS & RESORTS, INC., HILTON INTERNATIONAL CO., HILTON INTERNATIONAL FRANCHISE HOLDING, LLC., HILTON INTERNATIONAL FRANCHISOR, LLC, HILTON INTERNATIONAL GROUP HOLDINGS LIMITED, HILTON INTERNATIONAL HOLDING, LLC, HILTON INTERNATIONAL HOLDING USA CORPORATION, HILTON INTERNATIONAL HOLDINGS, LLC, HILTON INTERNATIONAL, LLC, HILTON INTERNATIONAL FRANCHISE, LLC, HILTON INTERNATIONAL MANAGE (AMERICAS) LLC, HILTON INTERNATIONAL MANAGE,

3

LLC, HILTON INTERNATIONAL MANAGEMENT (AMERICAS) CORPORATION and HILTON INTERNATIONAL MANAGEMENT, LLC [hereafter referred to collectively as "HILTON" or "the HILTON defendants"], at all relevant times, were in an *alter ego* relationship with each other in that each one was a mere instrumentality or agent of the others.

7. HILTON, at all relevant times, does business as Curio Collection by Hilton, a brand of hotels and/or resorts specially selected, franchised, managed, and controlled by HILTON.

8. The HILTON defendants, upon information and belief, and at all relevant times, have agents or other representatives in Palm Beach County, Florida and elsewhere within this district.

9. HILTON, at all relevant times, contracted and undertook (a) to select, franchise, manage, and control the Jewel Paradise Cove Resort and Spa in Runaway Bay, Jamaica [hereafter "the subject resort"] as part of HILTON's Curio Collection; (b) to manage and control the employees; and (c) to market, advertise, and promote the subject resort to potential guests in the United States, including to the plaintiffs in the State of Florida.

10. HILTON, at all relevant times, knew or should have known that there was a significant risk of personal and property crimes at the subject resort, including crime by resort employees against guests, that were highly likely to cause harm to guests and their property unless proper precautions were taken.

11. HILTON, at all relevant times, knew or should have known that some of the male employees at the resort, due to cultural and other reasons, were engaging in a pattern of inappropriate fraternization with female guests in the course and scope of their employment, often after drinking alcohol on duty, and that this pattern of misbehavior was highly likely to cause harm to guests unless proper precautions were taken.

12. HILTON, at all relevant times, knew or should have known that a certain male resort employee whose initials were D.W. had a pattern of engaging in inappropriate fraternization with female guests in the course and scope of his employment, sometimes after drinking alcohol on duty, and was otherwise unqualified for employment at the subject resort.

13. During the first week in February, 2016 the plaintiffs, in and from Florida, booked a stay at the subject resort.

14. On Tuesday, February 9, 2016, the plaintiffs flew from Florida to Jamaica and registered as guests of HILTON at the subject resort.

15. On Friday, February 12, 2016, plaintiff J.B. was sexually harassed, assaulted, and battered by D.W. without her consent in a women's restroom and disco in one of the guest common areas of the subject resort [hereinafter "the subject incident"].

16. D.W., at all relevant times, was a bartender at the subject resort who had been drinking alcohol on duty in full view of his co-workers and superiors.

17. As a direct and proximate result of the subject incident, plaintiff J.B. suffered bodily injury, aggravation of pre-existing conditions, physical and mental pain and suffering, disability, loss of capacity for enjoyment of life, costs of medical treatment, and loss of earnings and/or earning capacity.  The injuries are permanent and she will suffer these losses in the future.

## COUNT I
## (NEGLIGENCE)

18. The plaintiffs incorporate the general allegations and previous count(s) of this Complaint as if expressly set forth herein.

19. HILTON, by contracting and/or undertaking to select and/or franchise and/or manage and/or control and/or market and/or promote the subject resort and/or the employees, at all relevant

5

times acquired and had a non-delegable duty to exercise reasonable care in its undertakings to the end that third parties such as the plaintiffs would not be injured by forces set in operation by HILTON.

20. HILTON's non-delegable duty, at all relevant times, was negligently breached, as follows:

   A. By HILTON's negligence in selecting, franchising, controlling, and managing the subject resort; and,

   B. By HILTON's negligence in controlling and managing the employees at the subject resort; and,

   C. By HILTON's negligent failure to warn the plaintiffs in the State of Florida and in Jamaica of the risks in question; and,

   D. By HILTON's negligent misrepresentation of the subject resort and its employees to the plaintiffs in the State of Florida; and,

   E. By HILTON's negligent failure to see that adequate security measures were established and applied at the subject resort and/or to the employees; and,

   F. By HILTON's negligent failure to see that reasonable and credible human resource policies, procedures, and restrictions were established, communicated and enforced regarding the subject resort and employees; and,

   G. By HILTON's negligent failure to see that employee behavior toward guests was reasonably inspected and monitored; and,

   H. By HILTON's negligent failure to see that employees at the subject resort were adequately trained and supervised; and,

   I. By HILTON's negligence in encouraging and/or tolerating and/or ratifying and/or approving inappropriate behavior by employees; and,

   J. By HILTON's negligence in the hiring of the perpetrator of the subject incident; and,

   K. By HILTON's negligence in the retention of the perpetrator of the subject incident; and,

    L.    By the negligent acts or omissions of HILTON's real or apparent agents, disclosed and undisclosed principals or agents, or joint venturers; and,

    M.    By the acts and omissions of the perpetrator of the subject incident; and,

    N.    By other fault that may be revealed in discovery.

21. As a direct and proximate result of this negligence, the plaintiff J.B. became the victim of the subject incident and suffered bodily injury, aggravation of pre-existing conditions, physical and mental pain and suffering, disability, loss of capacity for enjoyment of life, costs of health treatment, and loss of earnings and/or earning capacity. The injuries are permanent and the plaintiff will suffer these losses in the future.

WHEREFORE, the plaintiff J.B. demands judgment for all damages legally allowable under the facts of the case against all the HILTON defendants, jointly and severally, including but not limited to compensatory and consequential damages and costs, and further demands trial by jury.

## COUNT II
### (MISREPRESENTATION)

22. The plaintiffs incorporate the general allegations and previous count(s) of this Complaint as if expressly set forth herein.

23. HILTON, at relevant times, individually and/or through real or apparent agents, contractors, disclosed and undisclosed principals, agents of undisclosed principals, and/or joint venturers, undertook to disclose to the plaintiffs in the State of Florida *some* information about the subject resort, its environment, and its employees that was material to the plaintiffs' decisions (a) to book the resort and/or (b) to travel from the U.S. to Runaway Bay, Jamaica, and/or (c) to remain at the resort after arrival.

24. HILTON, by disclosing *some* material information to the plaintiffs in the State of Florida about the subject resort, its environment, and its employees, acquired a duty to fully disclose in Florida *all* relevant and/or material information regarding the same topics (*i.e.,* to tell "the whole truth").

25. HILTON, at all relevant times, knew of the specific risks alleged in Paragraphs 9 through 11 of this Complaint and the identities of its principals, real and apparent agents, and other entities that were responsible for the subject resort and employees, and deliberately and purposefully failed to disclose those facts to the plaintiffs and other unwitting potential and actual guests.

26. HILTON, in its failure to disclose this material information, upon information and belief was acting to further its own economic interests and/or those of its real or apparent agents, disclosed and undisclosed principals, agents of undisclosed principals, and/or joint venturers in that HILTON believed that disclosure of the risks and facts in question would discourage potential customers from booking, travelling to, and/or staying in the subject resort.

27. HILTON, in all these respects, acted willfully, wantonly, and in bad faith.

28. HILTON's deliberate failure to disclose its entire knowledge and information (*i.e.,* "the whole truth") on these topics to the plaintiffs, who were otherwise unaware, was material (a) to the plaintiffs' decision to book a stay at the resort, and (b) to remain there after arrival and/or (c) to the level of precautions they took (or failed to take) for their own safety.

29. As a direct and proximate result of HILTON's failure in Florida and elsewhere to disclose material information (*i.e.,* "the whole truth") about the subject resort and its employees, the plaintiff J.B. became the victim of the subject incident and suffered bodily injury, aggravation

of pre-existing conditions, physical and mental pain and suffering, disability, loss of capacity for enjoyment of life, costs of health treatment, and loss of earnings and/or earning capacity. The injuries are permanent and the plaintiff will suffer these losses in the future.

WHEREFORE, the plaintiff J.B. demands judgment for all damages legally allowable under these facts against all the HILTON defendants, jointly and severally, including but not limited to compensatory, consequential, and exemplary damages, costs, interest, attorney's fees, and prejudgment interest, and further demands trial by jury.

## COUNT III
## (JOINT VENTURE LIABILITY)

30. The plaintiffs incorporate the general allegations and previous count(s) of this Complaint as if expressly set forth herein.

31. HILTON, at all relevant times, controlled and managed the resort, its employees, and its marketing and promotion along with AIMBRIDGE HOSPITALITY, LLC and/or SAGICOR REAL ESTATE X FUND and/or SIGMA REAL ESTATE PORTFOLIO and/or X FUND PROPERTIES, LTD. and/or other persons or entities that functioned as HILTON's disclosed and/or undisclosed principals, and/or real or apparent agents, and/or joint venturers in that:

    (a)    they shared a community of interest with HILTON in the performance of the common purpose; and,

    (b)    they shared joint control or right of control with HILTON; and,

    (c)    they shared a joint proprietary interest with HILTON in the subject matter; and,

    (d)    they had a right with HILTON to share in the profits; and,

    (e)    each had a duty with HILTON to share in any losses which may have been sustained.

32. As a consequence of the joint venture relationship between HILTON and such other third parties, each venturer was and is liable for the negligence and/or intentional misconduct, if any, of the others or of their employees and real and apparent agents in the furtherance of the venture.

33. As the direct and proximate result of the negligence and/or the fault and/or the misrepresentations of the resort by HILTON and/or its principals, real and apparent agents, and/or joint venturers, the plaintiff J.B. became the victim of the subject incident and suffered bodily injury, aggravation of pre-existing conditions, physical and mental pain and suffering, disability, loss of capacity for enjoyment of life, costs of health treatment, and loss of earnings and/or earning capacity. The injuries are permanent and the plaintiff will suffer these losses in the future.

WHEREFORE, the plaintiff J.B. demands judgment for all damages legally allowable under these facts against all the HILTON defendants, jointly and severally, including but not limited to compensatory, consequential, and exemplary damages, costs, interest, attorney's fees, and further demands trial by jury.

## COUNT IV
### (LOSS OF CONSORTIUM)

34. The plaintiffs incorporate the general allegations and previous count(s) of this Complaint as if expressly set forth herein.

35. As a direct and proximate result of the fault of HILTON and/or of its real or apparent agents, disclosed and undisclosed principals, agents of undisclosed principals, and/or joint venturers, plaintiff B.B. has suffered the loss of his wife's companionship, services, society and consortium. The injuries are permanent and plaintiff B.B. will suffer these losses in the future.

WHEREFORE, the plaintiff B.B. demands judgment for all damages legally allowable

under these facts against all the HILTON defendants, jointly and severally, including but not limited to compensatory, consequential, and exemplary damages, costs, interest, attorney's fees, and further demands trial by jury.

                        DAVID J. GLATTHORN, ESQUIRE
                        506A Datura Street
                        West Palm Beach, FL 33401
                        Tel: 561-659-1999
                        Fax: 561-659-9075
                        Florida Bar No: 307416
                        Pleadings@DavidGlatthornLaw.com
                        Adriana@DavidGlatthornLaw.com
                        Co-Counsel for Plaintiffs

                        and

                        ERIKSEN LAW FIRM
                        2161 Palm Beach Lakes Blvd., Ste. 410
                        West Palm Beach, FL 33409-6611
                        Tel:    866-493-9902 (Toll-free)
                        Fax:    561-533-8715
                        mde@travelaw.com
                        Co-Counsel for Plaintiffs

                        By: /s/  Michael D. Eriksen
                             MICHAEL D. ERIKSEN
                             Florida Bar No. 316016